IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shamorel Moore, ) | Civil Action No. 4:12-cv-1758-TLW |
| ) | Criminal No. 4:10-cr-00762-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Shamorel Moore ("Petitioner"). Petitioner entered a plea agreement on March 30, 2011, pleading guilty to Count 1 of the Indictment, which charged Conspiracy to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, a violation of Title 21, United States Code, Section 846. (Docs. #45, 48). The Petitioner was sentenced on June 29, 2011, to 135 months imprisonment. (Docs. # 54, 57).

Petitioner filed the present Section 2255 motion on June 25, 2012, alleging four grounds for relief. (Doc. #61). One ground asserts error by the Court, and the remaining three set forth ineffective assistance of counsel claims against Petitioner's trial counsel, Edward E. Saleeby, Jr. ("Saleeby"). (Id.). Saleeby submitted an affidavit in response to Petitioner's ineffective assistance of counsel claims. (Doc. #77). The United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Docs. #80, 81). The Court entered and the Clerk mailed a Roseboro Order on March 4, 2013, directing (1) the Clerk to forward a summary judgment explanation to the Petitioner and (2) the Petitioner to respond to

the Government's motion for summary judgment by April 8, 2013. (Docs. #83, 84). The Petitioner did not respond to the Government's Motion for Summary Judgment. The matter is now ripe for decision.

## **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file, in the court that imposed the sentence, a motion to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). The Leano court went on to note that "[t]his is the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Id. at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has

thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #80, 81). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than rest upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact" because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which the non-moving party has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner raises four grounds for relief in his motion. His second ground alleges error by the District Court in applying a two level gun enhancement to the Petitioner's sentence, and the first, third, and fourth grounds assert ineffective assistance of his trial counsel regarding a firearm enhancement. (Doc. #61).

## Alleged Error by the Court in Applying Firearm Enhancement

In Ground Two, Petitioner argues that the District Court erred in applying a two level gun enhancement to his case. Specifically, Petitioner argues that the Government failed to prove (1) a substantial nexus between the charged offense and the firearm and (2) constructive possession by the Petitioner. However, not only did the Petitioner waive his right to bring this type of claim in a Section 2255 petition, but moreover this claim fails even when considered on the merits

The Fourth Circuit has approved the knowing and voluntary waiver of a defendant's right to challenge his conviction or sentence in post-conviction proceedings under Section 2255. See U.S. v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); U.S. v. Lemaster, 403 F.3d 216, 220-21(4th Cir. 2005). However, an otherwise valid waiver does not preclude a defendant from challenging the effectiveness of counsel in regard to the plea agreement itself. See U.S. v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). For a waiver to be effective, the record must show that the "particular waiver was based on a knowing and intelligent decision." U.S. v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal quotation marks omitted).

In his plea agreement, Petitioner acknowledged and waived his right to contest his sentence "in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255," with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Doc. #45 at 8). In addition, the record clearly reflects that Moore's

waiver was knowing and intelligent. (Docs. #66 at 9-11, #45 at 8). Thus, Petitioner's claim in Ground Two is precluded because it is covered by the waiver and is not based on ineffective assistance of counsel.

Furthermore, the Petitioner's claim warrants denial even when considered on the merits. Moore's claim is apparently based on a misunderstanding of the appropriate standard for the application of USSG §2D1.1(b)(1) and an erroneous interpretation of the applicable case law. For example, Moore assumes that application of §2D1.1(b)(1) requires that the Government "prove a substantial nexus between the instant offense and the firearm." On the contrary, as set forth in Application Note 3(A) in the Commentary for §2D1.1(b)(1), the two level firearm enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." United States Sentencing Commission, Guidelines Manual, §2D1.1, App. Note 11(A) (2012).

In this case, a handgun was found in residence where Petitioner distributed and stored drugs and drug paraphernalia. (See Doc. #80 at 8). While Petitioner asserts that the gun was his wife's and that he did not even know where the gun was stored, it is not necessary that the Petitioner have exclusive ownership or control of the firearm, and the fact that a firearm is found in a defendant's home "permits an inference of constructive possession." See United States v. Gallimore, 247 F.3d 134, 136-37 (2001); United States v. Shorter, 328 F.3d 167, 172 (2003). The Fourth Circuit has stated that their "decisions strongly support the proposition that the proximity of narcotics to weapons is sufficient to warrant a Section 2D1.1(b)(1) enhancement." United States v. Harris, 128 F.3d 850, 852-54 (4th Cir. 1997) (approving enhancement when unloaded gun and drugs found in same dresser at defendant's residence); see also United States v. Manigan, 592 F.3d 621, 628-32 (4th Cir. 2010) (affirming weapon enhancement where handguns

5

found in back bedroom of residence and drugs found on defendant's person and in his vehicle parked outside of residence). Therefore, neither the record nor the relevant authority supports a finding that it was "clearly improbable" that the gun, which was found in a residence where significant quantities of drugs were stored and distributed, was connected with the offense. As a result, Petitioner's argument that the Court erred in applying a two point enhancement for a gun is without merit.

Again, Petitioner's second ground as set forth in his § 2255 petition clearly fails. Petitioner waived his right to contest his sentence in a § 2255, and furthermore, Petitioner's claim fails even when considered on the merits because the Petitioner has not shown that it was clearly improbable that the firearm was connected to the offense. Thus, the Government's motion for Summary Judgment is granted on this ground.

**Ineffective Assistance of Counsel**

In Grounds One, Three, and Four, Petitioner asserts: (a) that Saleeby failed to sufficiently challenge the enhancement (Ground One); (b) that Seleeby made improper threats regarding the consequences of objecting to the firearm enhancement and mislead the Petitioner regarding whether Petitioner would be held accountable for the firearm (Ground Three); and (c) that Saleeby failed to request an evidentiary hearing (Ground Four). (Doc. #61). Because these are ineffective assistance of counsel claims, they are not covered by the waiver in Petitioner's plea agreement. (See Doc. #45 at 8). In addition, because all three claims involve the application of a two level firearm enhancement, (Doc. #61 at 4), they are appropriately considered together. In support of these claims, Petitioner alleges that he "repeatedly urged attorney to present evidence" that the firearm enhancement was not applicable to his case because the firearm belonged to his wife, who had sole control of the gun and had purchased it in response to harassment at work.

6

(Doc. #61 at 4, 14). Petitioner filed a letter from his wife in support of his allegations and asserts Saleeby should have called his wife as a witness. (Docs. #61-2, #61 at 14). According to the Petitioner, Saleeby's ineffective performance prejudiced him by increasing his sentencing guidelines by two levels and making him ineligible for the safety valve. (Doc. #61 at 4).

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that none of Petitioner's several ineffective assistance claims should survive summary judgment.

Petitioner fails to show that Saleeby's performance was at all deficient or that he was prejudiced by counsel's performance. The record before the Court indicates, as discussed above, that ample evidence supported application of the firearm enhancement, and Saleeby's affidavit reflects that he understood the implications of this evidence. In his affidavit, Saleeby states that "I thoroughly explained to Mr. Moore that the case law indicated the Government would have a strong argument, at trial, that the proximity of the handgun was enough to overcome the

reasonable doubt standard for the 924c charge… and in my opinion; it would be an untenable position to argue that the gun enhancement should not apply…." (Doc. #77). Thus, Petitioner fails to show that Saleeby's performance was objectively unreasonable.

Furthermore, this Court directly asked the Petitioner at sentencing whether he had any objection to the Presentence Investigation Report, and Petitioner confirmed that he did not. (Doc. #67 at 3). Additionally, even had the Petitioner raised an objection, he fails to show that the enhancement was improperly applied and that the objection would thus have been successful. (Doc. #77). Therefore, Petitioner fails to show that he was prejudiced by Saleeby's actions in this regard.

Regarding Petitioner's claims that Saleeby improperly warned Petitioner about objecting to the enhancement, Petitioner fails to show evidence in the record of any such warning or that such a warning would amount to ineffective assistance of counsel in this case. Had the Government pursued a § 924(c) charge, Petitioner would have faced potentially 60 months of additional imprisonment. (Doc. #80 at 13). Thus, a recommendation of caution by counsel would not be unreasonable.

Finally, Petitioner's claim that he did not understand that he would be held accountable for the firearm is directly contradicted by the record and by Saleeby's testimony. Furthermore, Petitioner fails to show that he was prejudiced by counsel's performance. At the guilty plea hearing, the Government summarized Petitioner's plea agreement, stating, among other things, that the conduct encompassed by the dismissed counts of the indictment (e.g. the § 924(c) count) "could be considered as relevant conduct for purposes of calculating the sentence." (Doc. #66 at 6-7). The Court asked the Defendant if the Government correctly stated the terms of the agreement and whether he understood those terms, to which he responded in the affirmative. <u>Id.</u>

at 9-10. Next, the Court asked Defendant whether he and his attorney discussed the agreement before signing it, to which the Defendant responded "[y]es, Your Honor." Id. at 10. The Court followed up by asking whether anyone had made promises to him that were not contained in the plea agreement, and later, whether anyone promised that he would receive "a certain or a guaranteed sentence," and Petitioner responded in the negative to both questions. Id. at 10-11. The Court then asked the Petitioner if he also understood "that the sentence imposed in [his] case may be different from any estimate [his] attorney has given?" Id. at 13. Petitioner again responded, "[y]es, Your Honor." Id. Thus, the Petitioner's colloquy with the Court made clear that the Court could consider relevant conduct for sentencing, and moreover, that the Petitioner should not rely on any promises, representations, or estimates about a certain or guaranteed sentence. As a result, Petitioner's contentions that he did not understand the potential applicability of the gun enhancement and his argument that he was prejudiced by this misunderstanding are without merit. Saleeby's affidavit further confirms that the Petitioner understood the potential application of the gun enhancement. In it, Saleeby states, "[i]n my opinion, Mr. Moore understood that the … gun enhancement was going to be considered in his sentencing. At no time did I ever tell Mr. Moore that his plea agreement would avoid this enhancement…." (Doc. #77 at 2).

Again, Petitioner fails to show that his attorney performed in an objectively unreasonable manner or that his performance prejudiced the Petitioner. As a result, Petitioner's claims in Grounds One, Three, and Four are without merit, and the Government's motion for Summary Judgment is granted on these grounds.

## **CONCLUSION**

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #61), is **DENIED** and the Government's motion for summary judgment, (Doc. #81), is **GRANTED**. This action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

October 28, 2013
Columbia, South Carolina